UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANTONIO BONETE,<br><br>    Plaintiff,<br><br>    v.<br><br>WORLD SAVINGS BANK, FSB, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-15-1218 EMC<br><br>**ORDER DISCHARGING OSC; AND ORDER RE SUPPLEMENTAL BRIEFING AND/OR EVIDENCE** |

Previously, the Court issued an order to show cause ("OSC") directed to Plaintiff Jose Antonio Bonete. In the order, the Court instructed Mr. Bonete to show cause why his case should not be dismissed based on his failure to oppose Defendant Wells Fargo Bank, N.A's motion to dismiss. The Court also instructed Mr. Bonete to address the substantive arguments raised in Wells Fargo's motion in his response to the OSC. *See* Docket No. 24 (OSC).

Thereafter, Mr. Bonete filed an opposition to Wells Fargo's motion. *See* Docket No. 25 (opposition). While Mr. Bonete's opposition did not explain why he failed to file an opposition previously, the Court deems the opposition a response sufficient to discharge the OSC. Accordingly, the Court hereby **DISCHARGES** the OSC issued to Mr. Bonete.

The Court, however, now orders supplemental briefing from Wells Fargo. First, Wells Fargo shall file a reply brief to Mr. Bonete's opposition. Second, Wells Fargo shall file a supplemental brief on the issue of subject matter jurisdiction.

The jurisdictional issue in need of additional briefing relates to the citizenship of the other defendant in the case, RTS Pacific, Inc. Wells Fargo has claimed diversity jurisdiction in this case (justifying removal from state court to this Court) because Mr. Bonete is a citizen of California, and

both it and RTS are not. However, Wells Fargo seems to have offered proof of a different company's citizenship – *i.e.*, Regional Trustee Services Corporation.[1] *See* Docket No. 1 (Exhibit F attached to the notice of removal). The Court therefore orders Wells Fargo to provide evidence of RTS's citizenship.

If RTS is a citizen of California, then Wells Fargo should further address why RTS should be considered a nominal defendant whose citizenship can be disregarded for diversity jurisdiction purposes (as Wells Fargo contends in its notice of removal) in light of (1) case law holding that "a declaration of non-monetary status filing does *not* render the party filing such a document irrelevant to the jurisdictional/citizenship analysis," *Castle v. Bank of Am., N.A.*, No. CV 15-1657-GW(ASx), 2015 U.S. Dist. LEXIS 55658, a *2-3 (C.D. Cal. Apr. 20, 2015), and (2) allegations in the complaint that RTS included substantive allegations of wrongdoing on its part.[2] *See LPP Mortg., Ltd. v. Herschelle*, No. 13-cv-04330-JSC, 2014 U.S. Dist. LEXIS 101199, at *6 (N.D. Cal. July 17, 2014) (noting that "[c]ourts often conclude that a trustee under a deed of trust is a nominal party except where the complaint includes substantive allegations and asserts claims for monetary damages against the trustee").

The reply brief and supplemental brief shall be filed within one week of the date of this order. The Court shall thereafter determine whether a hearing is needed on the motion to dismiss and the issue of subject matter jurisdiction.

IT IS SO ORDERED.

Dated: May 26, 2015

_____
EDWARD M. CHEN
United States District Judge

---

[1] Given the similarity in name, Regional Trustee Services Corporation and RTS may well be affiliated companies.

[2] *See, e.g.*, Compl. ¶¶ 22-34 (alleging that not only Wells Fargo but also RTS failed to comply with the statutory requirements for nonjudicial foreclosure and that they did so knowingly as part of an effort to fraudulently foreclose).

2