UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE A. BONETE,<br><br>          Plaintiff,<br><br>    v.<br><br>WORLD SAVINGS BANK, *et al.*,<br><br>          Defendants.<br>_____/ | No. C-15-1218 EMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**(Docket No. 18)** |

       Plaintiff Jose Bonete, proceeding pro se, has filed suit against Defendants World Savings Bank, FSB ("WSB"); RTS Pacific, Inc. ("RTS"); and Wells Fargo Bank, N.A. ("Wells Fargo"). Although Mr. Bonete's complaint is not the model of clarity, the crux of the pleading is that Defendants have either wrongfully foreclosed or have sought to wrongfully foreclose on certain real property that he owns. Currently pending before the Court is Wells Fargo's motion to dismiss the complaint for failure to state a claim for relief. Having considered the papers submitted, as well as the oral argument of counsel,[1] the Court hereby **GRANTS** the motion but gives Mr. Bonete leave to amend as discussed below.

///

///

///

---

[1] Although Mr. Bonete filed an opposition to the motion to dismiss, he did not make an appearance at the hearing on the motion.

## I.  FACTUAL & PROCEDURAL BACKGROUND

The following facts are taken from Mr. Bonete's complaint (including its attachments) as well as documents of which the Court may take judicial notice.[2]

On March 22, 2005, WSB loaned Mr. Bonete $311,600.  The loan was documented in a promissory note and secured by a deed of trust encumbering the real property located at 26318 Peterman Ave, Hayward, California 94545.  Compl., Ex. A.  The deed of trust states that the lender is "World Savings Bank, FSB, its successors and/or assignees."  Compl., Ex. A.  The deed of trust includes the following clause: "I irrevocably grant and convey the Property to the Trustee, in trust for Lender, with a power of sale . . . This means that by signing this Security Instrument, I am giving Lender and Trustee those rights that are stated in this Security Instrument and also those rights that the law gives."  Compl., Ex. A.  This clause is known as a power-of-sale clause.

On December 31, 2007, WSB changed its name to Wachovia Mortgage, FSB ("Wachovia").  *See* Def.'s RJN Exs. B-C.  Wachovia then merged into and proceeded to operate as part of Wells Fargo.  *See* Def.'s RJN. Exs. D-E.  Accordingly, Wells Fargo is the successor of WSB, the original lender.[3]

In November 2014, Wells Fargo issued a notice of default to Mr. Bonete.  The notice stated that Mr. Bonete was in default by an amount in excess of $13,000 and indicated that the real property at issue could be foreclosed upon.  RTS was identified as the trustee acting as the lender's agent under the deed of trust.  *See* Compl., Ex. B.  Attached to the notice of default was a declaration of compliance from Wells Fargo stating that "[t]he mortgage servicer has exercised due diligence to contact the borrower pursuant to California Civil Code § 2923.55(f) to 'assess the borrower's financial situation and explore options for the borrower to avoid foreclosure.'  Thirty (30) days, or more, have passed since these due diligence efforts were satisfied."  Compl., Ex. B.

---

[2] Wells Fargo's request to strike Exhibit A attached to the opposition brief is granted.  Exhibit A is irrelevant as it pertains to Ohio law, but California law is at issue here.

[3] Courts have judicially noticed similar documents establishing Wells Fargo's successorship to WSB.  *See, e.g.*, *Parmer v. Wachovia*, No. C 11-0672 PJH, 2011 U.S. Dist. LEXIS 43866, at *1 (N.D. Cal. April 22, 2011) (taking judicial notice of documents that demonstrated that WSB was federally chartered by OTS as a federal savings bank, was succeeded by Wachovia, which then merged into Wells Fargo).

2

Subsequently, in January 2015, Mr. Bonete initiated the instant action in state court. Mr. Bonete asserted the following causes of action: (1) violation of California Civil Code §§ 2923.5 and 2924; (2) violation of California Commercial Code §§ 3309 and 3301; (3) violation of California Business & Professions Code § 17200; (4) fraud in violation of California Civil Code § 1709; (5) lack of "real party standing" to foreclose; and (6) quiet title. Wells Fargo removed the lawsuit to federal court and then filed the currently pending motion to dismiss.[4]

## II. DISCUSSION

A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss for failure to state a claim for relief.

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." The plausibility standard requires more than the sheer possibility or conceivability that a defendant has acted unlawfully. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Dismissal under Rule 12(b)(6) is proper only when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory.

*Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

B. Wrongful Foreclosure

All six of Mr. Bonete's claims for relief are predicated on the theory that Wells Fargo did not have the authority to foreclose. From what the Court can divine, Mr. Bonete's contention that Wells Fargo lacked authority to foreclose is based on three different arguments: (1) that California Civil Code § 2924 prohibits nonjudicial foreclosure (*i.e.*, foreclosure without judicial involvement); (2) that Wells Fargo could not foreclose without having possession of the "wet-ink" promissory note;

---

[4] The Court is satisfied that it has subject matter jurisdiction over this case – more specifically, diversity jurisdiction. *See* 28 U.S.C. § 1332. The amount in controversy exceeds $75,000, and there is complete diversity of citizenship, even if RTS is not a nominal defendant.

3

and (3) that Wells Fargo did not have the power to foreclose under the California Commercial Code. None of these arguments has merit.

First, Mr. Bonete has misinterpreted California Civil Code § 2924. The statute provides in relevant part that, where

> a power of sale is conferred upon the mortgagee, trustee, or any other person, to be exercised after a breach of the obligation for which that mortgage or transfer is a security, the power shall not be exercised except where the mortgage or transfer is made pursuant to an order, judgment, or decree of a court record . . . *until* all of the following apply,

Cal. Civ. Code § 2924(a) (emphasis added) – *e.g.*, a notice of default is issued and, several months thereafter, a notice of sale. As indicated by this language, § 2924 does not ban nonjudicial foreclosure; rather, it merely sets out procedural requirements to enforce nonjudicial foreclosure.[5] *See also Passanisi v. Merit-McBride Realtors, Inc.*, 190 Cal. App. 3d 1496, 1502-03 (1987) (stating that, "[w]hen a trustor defaults on the obligation, the beneficiary may elect, pursuant to statutory provision, to pursue a judicial sale of the property by filing a suit for foreclosure" or, "[a]lternatively, he can rely upon the power of sale in the deed of trust and pursue a private sale"; adding that, in the latter situation, "there are statutory requirements for notice and the manner in which a [private] sale is to be conducted"). In the instant case, there is a power-of-sale clause, which confers to the lender, as well as its successors and assigns, the power to conduct a nonjudicial foreclosure. *See* Compl., Ex. A. Wells Fargo is the successor of the original lender, WSB. *See* Def.'s RJN, Ex. E. Accordingly, it had the authority to conduct a nonjudicial foreclosure on the real property at issue.

Second, contrary to what Mr. Bonete argues, California law does not require possession of the "wet-ink" promissory note before a party may foreclose. Section 2924 is a comprehensive

---

[5] California Civil Code § 2923.5 also contains procedural requirements for a nonjudicial foreclosure. However, if those procedural requirements were not followed, that does not bar a foreclosure from taking place altogether. Rather, there is simply a stay of foreclosure until there is compliance with the statute. *See Shaterian v. Wells Fargo Bank, N.A.*, 829 F. Supp. 2d 873 (N.D. Cal. 2011) (stating that "[t]he remedy available under Section 2923.5 is the postponement of a foreclosure sale until the requirements of the statute have been fulfilled"; *citing Mabry v. Super. Ct.*, 185 Cal. App. 4th 208, 213 (2010)).

4

statute that governs the requirements for nonjudicial foreclosure, and it does not require possession of the wet-ink note; accordingly, courts have refused to impose a requirement not in the statute. *See Bouyer v. Countrywide Bank, FSB*, No. C 08-5583 PJH, 2009 U.S. Dist. LEXIS 53940, at *23-24 (N.D. Cal. June 25, 2009) (noting that California Civil Code § 2924 *et seq.* "establish a comprehensive and exclusive set of regulations for the conduct of [nonjudicial] foreclosures" and "[n]owhere in § 2924, *et seq.* is there any requirement that the person initiating foreclosure have physical possession of the note"); *see also Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1035 (N.D. Cal. 2010) (Laporte, J.) (rejecting argument that "Defendants must produce an original copy of the note in 'wet ink'"; "'California law does not require possession of the note as a precondition to non-judicial foreclosure under a deed of trust'"); *Gamboa v. Trustee Corps.*, No. 09-0007 SC, 2009 U.S. Dist. LEXIS 19613, at *10 (N.D. Cal. Nov. 30, 2009) (stating that "the statutory framework governing non-judicial foreclosures contains no requirement that the lender produce the original note to initiate the foreclosure process"). Moreover, even if evidence of Wells Fargo's authority to enforce the note were required, the deed of trust is sufficient evidence that Wells Fargo, as the successor to the original lender, is entitled to enforce the note.

Finally, Mr. Bonete's assertion that Wells Fargo lacked the power to foreclose under the California Commercial Code is without merit because the Commercial Code does not govern nonjudicial foreclosures; rather, Civil Code § 2924 *et seq.* does. *See Gaitan v. Mortgage Electronic Registration Systems*, No. EDCV 09-1009 VAP (MANx), 2009 U.S. Dist. LEXIS 97117, at *27-28 (C.D. Cal. Oct. 5, 2009) (stating that "[n]on-judicial foreclosure in California is not governed by this statute [*i.e.*, California Commercial Code §§ 3301 and 3309], but rather by Cal. Civ. Code §§ 2924, *et seq.*"; adding that "'[t]he comprehensive statutory framework established to govern nonjudicial foreclosure sales is intended to be exhaustive'"). Moreover, even if the California Commercial Code were to apply, Wells Fargo would still be entitled to enforce the note. The official comments to Uniform Commercial Code § 3-301, on which California Commercial Code § 3301 is based, provide that a person entitled to enforce an instrument "includes any other person who under applicable law is a successor to the holder or otherwise acquires the holder's rights." Uniform

Commercial Code § 3-301, official comments. As discussed above, Wells Fargo is the successor to the original lender, WSB.

C.    Section 17200/RESPA

Although not entirely clear, Mr. Bonete's § 17200 claim appears to be predicated on an additional theory independent of the wrongful foreclosure theory discussed above. More specifically, Mr. Bonete seems to allege a violation of § 17200 based on a violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(a). *See* Compl. ¶ 57 (alleging that Defendants "conduct . . . is in direct violation of 12 U.S.C. § 2605(a), et seq." in the third cause of action for violation of § 17200). Section 2605(a), requires the mortgagee to disclose, at the moment of loan application, whether servicing of the loan can be transferred, sold, or assigned to another while the loan is outstanding. *See* 12 U.S.C. § 2605(a) (" Each person who makes a federally related mortgage loan shall disclose to each person who applies for the loan, at the time of application for the loan, whether the servicing of the loan may be assigned, sold, or transferred to any other person at any time while the loan is outstanding.").

To the extent Mr. Bonete is bringing a § 17200/RESPA claim, it is deficient for multiple reasons. First, Mr. Bonete has simply asserted in conclusory terms that § 2605(a) was violated. There are no factual allegations to support that claim. Second, § 2605(a) relates to loan servicing but, as noted above, the thrust of Mr. Bonete's complaint is that there is a problem with loan ownership, not loan servicing. Finally, even if these problems could be overcome, Mr. Bonete's claim would be barred by the statute of limitations. A § 17200 claim has a four-year statute of limitations. *See* Cal. Bus. & Prof. Code § 17208. Since Mr. Bonete did not file suit until January 2015, his § 17200 claim can only be predicated on conduct that took place on or after January 2011. Mr. Bonete has not made any allegations of misconduct within that timeframe. In fact, the loan at issue was given to Mr. Bonete back in March 2005; thus, it would be impossible for an alleged violation of § 2605(a) to have taken place between January 2011 and January 2015.

Although Mr. Bonete has claimed a violation of § 2605(a) alone, the Court notes that an alleged violation of § 2605(b) would be problematic as well. Section 2605(b) provides that "[e]ach servicer of any federally related mortgage loan shall notify the borrower in writing of any

6

assignment, sale, or transfer of the servicing of the loan to any other person." 12 U.S.C. § 2605(b). Even if Wells Fargo were a loan servicer, Mr. Bonete's claim would be without merit because succession by merger is not considered a transfer of loan servicing under Section 2605(b). *See Burkhead v. Wachovia Home Mortg.*, No. 3:12-cv-00832-JAG, 2013 U.S. Dist. LEXIS 70486, at *12 (E.D. Va. May 17, 2013) (stating that "[n]o loan 'transfer' occurred when World Savings Bank converted to Wachovia in 2007 or when Wachovia merged with Wells Fargo in 2008"); *see also* 24 C.F.R. § 3500.21(d) (2013) (providing that "[t]he following transfers are not considered an assignment, sale, or transfer of mortgage loan servicing for purposes of this requirement if there is no change in the payee, address to which payment must be delivered, account number, or amount of payment due: . . . (B) Transfers resulting from mergers or acquisitions of servicers or subservicers").

### III. CONCLUSION

For the foregoing reasons, the Court grants Wells Fargo's motion in its entirety. The only issue remaining is whether Mr. Bonete should be given leave to amend. Here, a case can certainly be made that amendment would be futile. *See Polich v. Burlington Northern, Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991) (stating that "[d]ismissal without leave to amend is improper unless it is clear upon de novo review, that the complaint could not be saved by any amendment"); *see also Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002). As discussed above, the fundamental theory underlying Mr. Bonete's complaint is that Wells Fargo lacks the authority to foreclose, but Mr. Bonete's own documents, taken with the judicially noticeable documents, indicate to the contrary. That being said, the Court shall, out of an abundance of caution, give Mr. Bonete leave to amend, particularly as he is proceeding pro se. More specifically, the Court gives Mr. Bonete leave to amend to plead a claim or claims in support of a wrongful foreclosure theory.

If Mr. Bonete decides to amend, he is forewarned that, although he is a pro se litigant, he must still comply with all applicable federal rules and procedures, including Federal Rule of Civil Procedure 11. Rule 11 requires that all documents submitted to a court be submitted in good faith, such that the person submitting them honestly believes the claims he is making are valid, supported by facts and law, and are not being presented for an ulterior purpose such as to harass the other party, delay the action, or "increase the cost of litigation." Fed. R. Civ. P. 11(b)(1)-(4).

7

The amended complaint must be filed within thirty (30) days of the date of this order. If no amendment is filed within this time frame, then the Clerk of the Court shall dismiss this case with prejudice.

This order disposes of Docket No. 18.

IT IS SO ORDERED.

Dated: July 21, 2015

_____
EDWARD M. CHEN
United States District Judge